Case 13-01086    Filed 12/17/13    Doc 45

FILED

DEC 17 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                          Case No. 10-16183-A-7

Salma H. Agha,

                Debtor.
_____/
                                    Adv. No. 13-01086

Salma Agha,

        Plaintiff,

   vs.

CitiMortgage, Inc., et. al.

        Defendants.
_____/

**MEMORANDUM DECISION**

1

A judge shall disqualify himself in case in which in "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A motion to disqualify the undersigned judge has been filed in this adversary proceeding on the basis of adverse rulings in a prior case and a complaint of judicial misconduct. Is disqualification warranted on such grounds?

**FACTS**

In 2010, Salma Agha filed a Chapter 7 bankruptcy case. *In re Agha,* No. 10-16183 (Bankr. E.D. Cal. filed May 30, 2010). Jeffrey M. Vetter was appointed as the Chapter 7 trustee. After the meeting of creditors, Vetter filed a Report of No Distribution. Later, Agha received her bankruptcy discharge, and the case was closed.

In 2012, the bankruptcy case was reopened to administer Agha's interest in unscheduled assets. These assets were a limited liability company, Vodka from Around the World, LLC ("Vodka LLC") and a civil action, *Vodka from Around the World, LLC v. Breitman,* No. CBC-11-515095 (Cal. Super. Ct. 2011).

Vetter moved to sell these assets to BBG, Ltd., a defendant in the civil action. After notice and a hearing, and despite Agha's opposition, the court approved the sale of the estate's interest in the company and the civil action to BBG, Ltd.

In August 2013, Agha filed the complaint in the present adversary proceeding alleging stay violations arising from a foreclosure of Agha's residence located at 11622 Harrington Street, Bakersfield, California, and unlawful detainer proceedings following the foreclosure.

Subsequently, Agha filed a complaint of judicial misconduct

against the undersigned judge. This complaint remains pending.

Agha moves for disqualification under 28 U.S.C. § 455(a) and (b)(1). She predicates her disqualification motion on the adverse substantive and procedural rulings relating to the sale of assets in her underlying bankruptcy case and on her pending complaint of judicial misconduct.

**DISCUSSION**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990) (quoting *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1503 (9th Cir. 1987) (internal quotation marks omitted).

Under § 455(b)(1), a federal judge should be disqualified if the judge "has a personal bias or prejudice concerning a party." 11 U.S.C. § 455(b)(1). "The negative bias or prejudice . . . must be grounded in some personal animus or malice that the judge harbors against [a party], of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes. Moreover, recusal is required only if actual bias or prejudice is proved by compelling evidence." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (citation omitted) (internal quotation marks omitted). In deciding a disqualification motion, the court exercises its discretion. *Focus Media, Inc. v. Nat'l Broad. Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 922 (9th Cir. 2004) (stating that a court's

denial of a disqualification motion is reviewed for abuse of discretion) (citing *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000)).

Although her motion contains a number of different assertions, Agha's motion essentially offers two different arguments for disqualification. First, she suggests that this judge made improper substantive and procedural rulings in her underlying Chapter 7 bankruptcy case. But adverse judicial rulings alone are not proper grounds for judicial disqualification. *Liteky v. United States,* 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

Agha also cites this judge's decisions concerning his administration of the proceedings including his decisions on such matters as security and the propriety of the debtor offering argument when her counsel was present. But such ordinary decisions concerning courtroom administration do not establish bias or partiality. *Liteky*, 510 U.S. at 555-56.

Absent an opinion derived from an extrajudicial source, which Agha has not shown by the evidence, the standard is that opinions and judicial remarks based on current or prior proceedings must "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Agha has not proffered evidence that would satisfy this standard.

Second, Agha urges that her complaint of judicial misconduct might cause a reasonable person to doubt this court's impartiality. This ground has also been rejected as basis for judicial

disqualification. *Focus Media, Inc.*, 378 F.3d at 929-931; *In re Compl. of Judicial Misconduct*, No. 08-90026, 583 F.3d 599, 599 (9th Cir. Jud. Council 2009).

Neither ground asserted for disqualification by itself provides a basis for disqualification. Since the whole is not greater than the sum of its parts in this matter, the aggregate of these grounds also does provide grounds for disqualification.

Finally, Agha has not shown by compelling evidence that the undersigned judge has actual bias or prejudice. No evidence, moreover, has been offered that this judge has formed an opinion regarding Agha from an extrajudicial source or that he has a deep-seated antagonism or favoritism that would make fair judgment impossible.

**CONCLUSION**

For each of these reasons the motion will be denied. The court will issue an order consistent with this decision.

Dated: December 17, 2013

_____
Fredrick E. Clement
United States Bankruptcy Judge

**Instructions to Clerk of Court**

**Service List**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked __X__, via the U.S. mail.

   Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ___X___ Other Persons Specified Below:

Salma H. Agha
6 Windwood
Irvine, CA 92604

Brian A. Paino, Esq.
4375 Jutland Dr., Suite 200
p. O. Box 17933
San Diego, CA 92177

Andrew A. Bao, Esq.
Brian H. Gunn, Esq.
Heather S. Kim, Esq.
2175 N. California Blvd., Suite 645
Walnut Creek, CA 94596

Wilmington Trust Company
Rodney Square North
1100 N. Market St.
Wilmington, DE 19890

Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, CA 93721