Case 13-01086  Filed 02/19/15  Doc 267

**FILED**

FEB 19 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Salma H. Agha,<br><br>      Debtor.<br>_____<br><br>Salma Agha,<br><br>      Plaintiff,<br><br>      v.<br><br>Citimortgage, Inc., et al.,<br><br>      Defendants. | Case No. 10-16183-B-7<br><br><br><br><br><br>Adv. Proceeding No. 13-1086<br><br>DC No. AAB-2<br><br>DC No. PD-2 |

**MEMORANDUM DECISION REGARDING MOTIONS
TO DISMISS ADVERSARY PROCEEDING**

Plaintiff/Debtor Salma H. Agha appeared *pro se*.

Meagan S. Tom, Esq., of Wolfe & Wyman LLP, appeared on behalf of defendant Citimortgage, Inc.

Eddie R. Jimenez, Esq., of Pite Duncan, LLP, appeared on behalf of defendant CR Title Services, Inc.

     On February 5, 2015, the court heard two motions to dismiss the above-referenced adversary proceeding filed by defendants CR Title Services, Inc. ("CR Title") and Citimortgage Inc. ("Citimortgage," collectively the "Defendants"). These motions were originally filed by the Defendants respectively on August 30 and September 30, 2013. However, the adversary proceeding was stayed by order of the Honorable Fredrick E. Clement on October 18, 2013, and the original

motions were never heard.[1] That stay order was vacated by the undersigned on January 8, 2015, a briefing schedule was set and the (refiled) motions were heard on February 5, 2015.

In summary, the pleading filed to commence this adversary proceeding by debtor/plaintiff Salma Agha (the "Debtor") seeks an order voiding the foreclosure sale of her residence, and an award of related damages, on the grounds that the foreclosure sale, and subsequent unlawful detainer proceedings, violated the automatic stay (the "Complaint"). Because the foreclosure took place after the automatic stay had statutorily terminated, and because the Debtor's residence had, by that time ceased to be property of the bankruptcy estate, the Motions will be granted and the adversary proceeding will be dismissed.

For purposes of this motion, the court must accept as true the well-pled factual allegations in the Complaint, therefore no findings of fact are necessary or appropriate. The court has also taken judicial notice of matters in the record of the main bankruptcy case that may be relevant. This memorandum decision contains the court's conclusions of law. The court has jurisdiction to decide this matter under 28 U.S.C. § 1334, 11 U.S.C. § 362,[2] and General Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (G).

**Background.** This bankruptcy commenced when the Debtor filed a voluntary petition under chapter 7 on May 30, 2010. (Court docket No. 1 and Compl. at ¶ 5.) One of the assets listed in the petition on Schedule A was the

---

[1] For reasons not relevant here, Judge Clement recused himself from the main case, and from this adversary proceeding in September 2014. Both matters were assigned to the undersigned on September 16, 2014.

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

Debtor's residence located on Harrington Street in Bakersfield, California (the "Harrington Property"). Immediately upon commencement of the bankruptcy case, the Debtor's interest in the Harrington Property became property of the bankruptcy estate by operation of law. § 541(a)(1). The Harrington Property was valued on the schedules at $765,937. The Debtor's Schedule B listed a 1st priority mortgage against the Harrington Property in the amount of $589,991 held by defendant Citimortgage, and a 2nd priority mortgage in the amount of $343,117 held by Union Bank. Based on the schedules, there was no unencumbered equity in the Harrington Property.

The chapter 7 trustee did not initially find any assets in this case which could be administered and sold for the benefit of creditors. He completed his examination of the Debtor and filed a report of no distribution on August 30, 2010. The Debtor's discharge was entered without objection on September 23, 2010, and the case was closed on January 7, 2011.

Sixteen months after the case was closed, on or about May 15, 2012, Citimortgage conducted a foreclosure sale of the Harrington Property (the "Foreclosure") with the assistance of defendant CR Title. (Compl. at ¶ 26.) The Harrington Property was acquired at the Foreclosure by defendant Wilmington Trust Company ("Wilmington."). *Id.*

About four months after the Foreclosure, the United States Trustee filed an application to reopen the case pursuant to § 350(b) and to reappoint a trustee to investigate and administer some assets which allegedly had not been disclosed in the original bankruptcy petition.[3] That motion was granted and the case was reopened on September 18, 2012. The case remains open and the trustee has not

---

[3] In his motion to reopen (Doc. No. 68), the United States Trustee requested the reappointment of a chapter 7 trustee to investigate the Debtor's interest in a limited liability company. Subsequently, the trustee sought permission to liquidate some assets, which was approved by Judge Clement before this case was transferred to the undersigned.

3

yet filed his final report for reasons that are not relevant to this adversary proceeding.

Thereafter, Citimortgage and Wilmington prosecuted an unlawful detainer proceeding against the Debtor under California law. A writ of possession was posted on the Harrington Property on or about February 9, 2013. A second writ of possession was posted on the Harrington Property on or about June 20, 2013, and the Debtor was eventually forced to vacate the Property. (Compl. at ¶s 35-39.)

**Issues Presented.** The sole issue to be decided here is whether the Foreclosure in May 2012, and the subsequent unlawful detainer proceedings in 2013, were prosecuted in violation of the automatic stay which arose upon commencement of this case in May 2010. The Debtor contends that the Defendants willfully violated the automatic stay thereby invalidating the Foreclosure and entitling her to recover the Harrington Property. The Debtor seeks an award of compensatory and punitive damages resulting from the Foreclosure and eviction. There are no allegations of fact to suggest that the Defendants have violated the discharge injunction.

The Complaint also alludes to issues relating to the Debtor's efforts to negotiate with Citimortgage prior to the Foreclosure. However, those issues, if any, arise under non-bankruptcy law, they are not properly pled in the form of a claim for relief, and this court has no jurisdiction to adjudicate state law issues relating to the manner in which the Defendants may have negotiated with the Debtor and conducted the Foreclosure itself. Those issues, it any, need to be prosecuted in the state court.

**Analysis.** The pleading filed to commence an adversary proceeding must include, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (made applicable to this adversary proceeding by Fed.R.Bankr.P. 7008). A pleading which does not set forth sufficient facts to show that the pleader has a *plausible* claim for relief is

subject to dismissal. Fed.R.Civ.P. 12(b)(6) (made applicable to this adversary proceeding by Fed.R.Bankr.P. 7012).

The automatic stay which forms the basis of all relief sought in the Complaint, and over which this court has jurisdiction, arose under § 362(a) immediately upon commencement of the bankruptcy case. It protects both the Debtor (§ 362(a)(1)) and property of the bankruptcy estate (§ 362(a)(2) & (3)) from the commencement, continuation, or enforcement of a claim which arose before commencement of the bankruptcy. In short, the Defendants were absolutely prohibited from doing anything to enforce Citimortgage's lien against the Debtor, or against the Harrington Property, so long as the automatic stay remained in effect. Under applicable law, creditor actions taken in violation of the automatic stay are void *ab initio*. *Schwartz v. United States of America (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Upon a showing that the Defendants willfully violated the automatic stay, the Debtor may be entitled to recover "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." § 362(k)(1).

However, the protective shield which the automatic stay provided to the Debtor, and to her interest in the Harrington Property, was only a temporary benefit; it terminated by operation of law upon the entry of her discharge on September 23, 2010. § 362(c)(2)(C). Any residual protection which the automatic stay may have afforded to the bankruptcy estate's interest in the Harrington Property terminated by operation of law once the bankruptcy case was closed. § 362(c)(2)(A). In addition, all property properly listed on the bankruptcy schedules, and which the trustee did not otherwise administer, including here the Harrington Property, was automatically abandoned back to the Debtor and ceased to be property of the bankruptcy estate upon closure of the case. § 554(c). The automatic stay also ceased to protect the Harrington Property once it was abandoned from the bankruptcy estate. § 362(c)(1). In summary, by the time this

bankruptcy case closed on January 7, 2011, any protection which the Debtor and the Harrington Property enjoyed pursuant to § 362(a), the automatic stay, ceased to exist. It follows then that the Foreclosure, which did not occur until months later, in May 2012, could not, as a matter of law and fact, have violated the automatic stay.

The Debtor argues that the unlawful detainer proceedings violated the automatic stay because they were commenced and prosecuted after September 2012, when the case was reopened at the request of the United States Trustee. However, the reopening of a closed chapter 7 case does not resurrect the previously terminated automatic stay. *Brumfiel v. Brumfiel (In re Brumfiel)*, 514 B.R. 637, 643 (Bankr. D.Colo. 2014) (nothing in the language of § 350 indicates that reopening causes a reimposition of the automatic stay). The automatic stay springs into existence upon commencement of the case. § 362(a). It terminates for all purposes as to properly scheduled property upon closure of the case. § 362(c)(2)(A). There is no authority in the Bankruptcy Code, or in applicable case law for the proposition advanced by the Debtor, that actions taken by a secured creditor, after closure of a case, to enforce its lien against collateral that may at one time have been protected by the automatic stay, would offend the purpose or policy underlying the automatic stay.

**Dismissal with Prejudice.** Federal Rule of Civil Procedure 15(a)(2), incorporated by FRBP 7015, permits amendment of the Complaint only with the Debtor's consent or leave of the court. Such leave to amend "should freely" be given "when justice so requires." *Id*. However, "liberality in granting leave to amend is subject to several limitations." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1987). For example, where amendment would cause the defendant undue prejudice, would be futile, or create undue delay, leave need not be granted.

///

The question here is whether the Debtor should be given a further opportunity to plead a claim that plausibly fits within the boundaries of § 362(k). Since the Foreclosure and unlawful detainer proceedings took place months after the automatic stay in this case had terminated, it is clear that any amendment of the Complaint would be both futile and highly prejudicial.

Based on the foregoing, the Motions to dismiss will be granted. Adversary proceeding number 13-1086 will be dismissed. The Complaint may not be amended with regard to the "automatic stay" related claims. However, dismissal will be without prejudice to the Debtor's right, if any, to pursue her non-bankruptcy claims in a court of proper jurisdiction.

Date: February __19__, 2015

/s/ W. Richard Lee
W. Richard Lee
United States Bankruptcy Judge

## Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ___X___ Other Persons Specified Below:

Salma H. Agha (Via U.S. Mail)
10001 Venice Blvd., #402
Los Angeles, CA 90034

Meagan S. Tom, Esq. (Via U.S. Mail)
Wolfe & Wyman LLP
2175 N. California Blvd., Suite 645
Walnut Creek, CA 94596-3502

Eddie R. Jimenez, Esq. (Via U.S. Mail)
4375 Jutland Dr., Suite 200
P.O. Box 17933
San Diego, CA 92177

Lisa Holder, Esq.
Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP
4550 California Ave., 2nd Floor
Bakersfield, CA 93309

Connie M. Parker, Esq.
Attorney at Law
5260 N. Palm Ave., Ste. 201
Fresno, CA 93704

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721